**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ISMAEL AIDARA<br><br>　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Civ. No. 2:23-CV-20704 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

This matter comes before the Court on *pro se* petitioner Ismael Aidara's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 3. For the reasons set forth below, Petitioner's motion is **DENIED** and the Court will not issue a certificate of appealability.

**I.　BACKGROUND**

Petitioner pled guilty on April 26, 2022, to one count of attempt and conspiracy to commit bank fraud under 18 U.S.C. § 1344. From 2015 to 2019, Petitioner participated in a large-scale fraudulent payment card scheme where Petitioner's co-conspirators provided him with stolen credit card information, which Petitioner used to manufacture fraudulent cards. Those fraudulent cards were then used by "travelers" to fly to various locations and make fraudulent purchases such as gift cards, flights, hotels, and rental cars. There were approximately 4,000 individual victims and the losses were principally borne by credit card issuers Discover and American Express for a combined loss amount of $1,429,433.32. Petitioner's Plea Agreement included a stipulated Guidelines calculation, with an offense level of 24 based on a loss amount of $3,000,000.00. In the signed Plea Agreement, Petitioner waived his right to file a motion challenging his conviction and sentence under 28 U.S.C. § 2255 as long as his sentence fell within or below the Guideline range. Petitioner was sentenced on November 8, 2022. His Guideline range was 77-96 months and this Court imposed a below-Guideline sentence of 46 months. The judgment also included a restitution order for $1,429,433.32, for which Petitioner and his co-conspirators are jointly and severally liable. Petitioner did not object to or file an appeal challenging his sentence.

On November 30, 2022, the Third Circuit issued its decision in *United States v. Banks*, 55 F.4th 246 (3d Cir. 2022). *Banks* held that the term "loss" as used in § 2B1.1 is unambiguous and means "actual loss" and, therefore, "the Guideline does not include intended loss." *Id.* at 257. Petitioner filed a motion under 28 U.S.C. § 2255 on September 18, 2023. ECF No. 3. In it, Petitioner argues: (1) he was held accountable for intended loses in violation of *Banks*, and (2) he received ineffective assistance of counsel as his counsel

failed to argue the holding in *Banks*. *Id.* Specifically, Petitioner argues that his sentence was contrary to *Banks* because he never really obtained the $1.4 million in actual losses, but only obtained about $100,000. The Government filed its response on January 5, 2024. ECF No. 6.

## II. LEGAL STANDARD

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a Constitutional violation, in order to merit relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, (or) an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir.) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)), cert. denied 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003). Prior to ordering an answer to a § 2255 motion, Rule 4 of the Rules Governing Section 2255 Proceedings requires that the district court review a petitioner's § 2255 motion and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." The Court notes its duty to construe pro se pleadings liberally. *See United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). An evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005). Here, the record conclusively demonstrates that Petitioner is not entitled to relief.

## III. DISCUSSION

### A. Petitioner's Claim of Ineffective Assistance of Counsel

To prevail on a claim for ineffective assistance of counsel, Petitioner must establish that (1) his counsel's performance "fell below an objective standard of reasonableness," and (2) counsel's "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Petitioner's claims fail on both *Strickland* prongs.

Firstly, as mentioned above, *Banks* was decided on November 30, 2022—*after* Petitioner pled guilty on April 26, 2022, and was sentenced on November 8, 2022. A "counsel's failure to predict a change in the law is not deficient performance." *Fraction v. United States*, 2019 WL 1772053, at *3 (D.N.J. Apr. 23, 2019). Simply put, an attorney cannot be deemed ineffective for failing to comply with legal precedent that was not in effect at the time of representation. *See id.*

Secondly, even assuming arguendo that his counsel's performance "fell below an objective standard of reasonableness," Petitioner cannot establish that said deficient performance prejudiced the defense. Although Petitioner's Guideline range was calculated using $3 million in losses, which exceeds the $1.4 million restitution amount claimed by Discover and American Express, Petitioner would have only been entitled to a two-point reduction in offense level, which translates to a Guideline range of 63-78 months. Petitioner was sentenced to 46 months, far below the 77-96 month or a potentially applicable 63-76 month range. Therefore, Petitioner has not shown any reasonable probability that his sentence would be any different even if his counsel had been under an obligation to argue against then applicable law. *See Strickland*, 466 U.S. at 694.

### B. Direct Claims Under *Banks*

Separate from his ineffective assistance of counsel claim, Petitioner argues that he was held accountable for intended losses in violation of *Banks*. ECF No. 3. Even assuming Petitioner had been sentenced in contrary to *Banks*, Petitioner's claim still fails because he waived his right to do so and it cannot overcome procedural default.

As part of his signed plea agreement, Petitioner agreed to waive his right to file a collateral motion attacking his sentence under § 2255 if his sentence fell "within or below the Guidelines range that results from the agreed total Guidelines offense level" of 24. At the plea hearing, Petitioner affirmed his understanding that he was giving up his right to file an appeal or any other collateral attack on his sentence. At sentencing Petitioner raised no objection to his agreed-upon waiver. Such waivers are enforceable if they are (1) "entered into knowingly and voluntarily," and (2) do not "work a miscarriage of justice." *United States v. Marby*, 536 F.3d 231, 237 (3d Cir. 2008). The record and Petitioner's § 2255 motion is void of any indication that his waiver was not made knowingly and voluntarily. Furthermore, Petitioner cannot use a § 2255 motion as a substitute for an appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and 'actual prejudice,'. . . or that he is 'actually innocent.'" *United States v. Sanders*, 165 F.3d 248, 250 (3d Cir. 1999). Although a "showing of ineffectiveness of counsel which rises to the level of a constitutional deprivation can indeed constitute the type of prejudice that will excuse procedural default," as discussed *supra*, Petitioner has failed to make such a showing. *Id.* Petitioner did not file an appeal challenging the length of his sentence and his § 2255 motion does not claim "actual innocence." As such, Petitioner's claims are both waived and procedurally barred.

### C. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that jurists could not conclude that the issues presented here are adequate to deserve encouragement to proceed further and accordingly **DENIES** a certificate of appealability.

### IV.   CONCLUSION

For the reasons set forth above, Petitioner's motion is **DENIED**. An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

Date: April 18, 2024

4